■ ABDULLA A. ESA, Respondent, v NEW YORK PROPERTY INSURANCE UNDER-WRITING ASSOCIATION, Appellant. — In an action to recover proceeds allegedly due under an insurance policy, defendant appeals from two orders of the Supreme Court, Kings County (Composto, J.), dated September 10, 1981, and November 5, 1981, which denied its motions for summary judgment dismissing the complaint and for renewal. Order denying renewal reversed, on the law, renewal of the motion for summary judgment granted and, upon renewal, order denying summary judgment vacated and defendant is granted summary judgment dismissing the complaint. Defendant is awarded one bill of $50 costs and disbursements. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to supply proofs of loss, as required by subdivision 5 of section 168 of the Insurance Law. In his papers in opposition plaintiff did not raise the issue of insufficiency of service of the demand for proofs of loss. The court denied the motion. It noted that pursuant to subdivision 1 of section 172 of the Insurance Law, the failure of an insured to submit proofs of loss is not a defense to the insurer's liability under the policy unless the insurer "give[s] to such person insured a written notice that it * * * desire[s] proofs of loss to be furnished by such person". Here, the demand for

the proofs of loss had been submitted not to plaintiff, but to a public adjuster (see Insurance Law, § 123, subd 3, par [b]) retained by plaintiff. Defendant then moved for leave to renew its motion. It claimed that it had sent to plaintiff, by certified mail, a demand for proofs of loss, but that the envelope had been returned marked "Moved, Left No Address". Defendant also submitted proof that plaintiff had, in fact, obtained the demand from his adjuster once the latter received it. The court denied renewal, however, citing cases indicating that it would not consider, upon renewal, information which was known to the moving party when it made its original motion. While it is true that a motion for renewal generally should be based on newly discovered facts, this rule is not inflexible, and the court has discretion to grant renewal even upon facts known to the movant at the time of the original motion (see *Weinstein v Kiamesha Concord,* 29 AD2d 878; *Webb & Knapp v United Cigar—Whelan Stores Corp.,* 276 App Div 583). In this case, the additional facts related to a matter (namely, sufficiency of service of the demand for proofs of loss) which had not previously been raised by the parties but, rather, had been raised *sua sponte* by the court in its memorandum. Thus, it was error for the court not to consider these additional facts. Upon renewal, summary judgment dismissing the complaint should be granted. We do not decide whether, in general, a public adjuster should be deemed an agent of the insured for the purpose of receiving a demand for proofs of loss. Here, however, where the insurer made a reasonable effort to serve the demand on the insured, and where the insured in fact received the demand, we hold that the insurer has fulfilled its obligations under section 172 of the Insurance Law. We note, finally, that the affidavit and affirmations submitted by plaintiff for the purpose of proving that he did supply proofs of loss were properly disregarded by Special Term, as they were not sworn to by individuals with personal knowledge of their contents (see *Arrants v Dell Angelo,* 73 AD2d 633). Lazer, J. P., Mangano, Gibbons and Weinstein, JJ., concur.