■ ELIZABETH GUADAGNO, Appellant, v COLONIAL COOPERATIVE INSURANCE COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered September 22, 1983 in Montgomery County, which granted defendant's motion to dismiss the complaint. ¶ This action to recover the proceeds of an insurance policy issued by defendant was commenced August 4, 1983 for fire loss sustained on August 8, 1977. Defendant successfully moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 5, 7) on the dual grounds that the two-year limitation of time within which to commence the action had expired and that plaintiff failed, as required by the policy, to file a sworn proof of loss within 60 days after demand. On this appeal, plaintiff argues that her copy of the insurance contract contained neither the two-year policy limitation, as authorized by subdivision 5 of section 168 of the Insurance Law, nor the 60-day proof of loss requirement. She further urges that her second cause of action for breach of an agreement of compromise and settlement remains viable. ¶ In considering a motion to dismiss, the allegations in the complaint must be deemed to be true and accorded every favorable inference (*219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509). Defendant submitted its attorney's affidavit and alleged copy of the contract to establish that the policy contained the two-year shortened period of limitation and the 60-day proof of loss requirement. In opposition, plaintiff submitted her own affidavit and that of her attorney to establish the contrary, submitting what she claims is the policy issued to her containing neither limiting provision. Plaintiff thus urges that the action is governed by a six-year Statute of Limitations (CPLR 213, subd 2). ¶ When an insurance company issues a policy without the shortened limitation period, it may be estopped from relying on the provision (*Becker-Fineman Camps v Public Serv. Mut. Ins. Co.,* 52 AD2d 656). The parties' conflicting positions concededly present a triable issue of fact (*Aarons Fifth Ave. v Insurance Co.,* 52 AD2d 855; *Fields v Republican Ins. Co.,* NYLJ, March 29, 1984, p 15, col 5). Nonetheless, plaintiff still failed to present the necessary proof of loss within a reasonable time. Even assuming that the policy contained no 60-day proof of loss requirement, such omission does not extend the time period in which to file proof of loss ad infinitum. Here, the record indicates that plaintiff received the necessary proof of loss documents on October 4, 1977 and has yet to complete them (see Insurance Law, § 172). A reasonable period of time to satisfy this condition precedent to recovery has long since expired. The excuse proffered by plaintiff is insufficient (see *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835; *Trexler v American Home Assur. Co.,* 96 AD2d 686). Nor is there anything in the record to establish that defendant lulled plaintiff into inactivity (see *Van Hoesen v Pennsylvania Millers Mut. Ins. Co.,* 86 AD2d 733; *Duke Plastics Corp. v New York Prop. Ins. Underwriting Assn.,* 86 AD2d 818, app withdrawn 56 NY2d 808). Accordingly, we find that Special Term properly dismissed the first cause of action. ¶ Plaintiff's second

cause of action seeks recovery for breach of an agreement of compromise and settlement purportedly entered into on October 4, 1977. In her complaint, plaintiff alleged that defendant offered to pay $3,000 in full settlement, and that the offer was thereafter accepted and then breached. Defendant, in support of its motion to dismiss, alleges only that plaintiff has failed to file the completed proof of loss form. In granting defendant's CPLR 3211 dismissal motion, Special Term did not specifically address the merits of the second cause of action, but merely dismissed the entire complaint. In view of the procedural posture in which this case comes before us, we find that summary dismissal of the second cause of action was premature. Inasmuch as defendant's motion was made prior to joinder of issue (CPLR 3211), it was necessarily addressed to the face of the pleading (*Frank Corp. v Federal Ins. Co.,* 91 AD2d 31, 37). At this stage, neither party has been put to its proof. Giving her the benefit of every favorable inference, a reasonable chance exists that plaintiff might prevail. The question of whether she has complied with the terms of settlement cannot be resolved at the pleading stage. Therefore, the motion to dismiss the second cause of action should have been denied (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 635). In so deciding, we note that the motion to dismiss was not properly converted to a motion for summary judgment (CPLR 3211, subd [c]; *Gifts of Orient v Linden Country Club,* 89 AD2d 508). ¶ Order modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to dismiss the second cause of action, motion denied as to said cause of action, and, as so modified, affirmed. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.