OPINION OF THE COURT
John R. Tenney, J.
This is an action to recover on a theft loss insured by a homeowner’s policy issued by defendant. The first affirmative defense, and the basis for this summary judgment motion, is that plaintiff failed to comply with the policy provision requiring submission of sworn proofs of loss within 60 days after receipt of the demand required by Insurance Law § 3407 (former § 172).
Proofs were prepared and mailed 58 days after receipt of *314 the demand. However, they were not received by defendant until the 61st day. Relying on the 1901 case of Peabody v Satterlee (166 NY 174) defendant alleges that the policy and statute require receipt of the proofs within the 60-day period. Thus, it has an absolute defense requiring dismissal of the complaint. (Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201.)
Plaintiff raises a variety of issues in opposition to the motion and in support of the cross motion for summary judgment dismissing the first affirmative defense. She first contends that she tendered substantially completed proofs well within the 60-day period but that they were refused pending completion of three small items as to actual cash value. She contends that such tender is sufficient either under a substantial performance theory or under an estoppel theory.
She next contends that she was never furnished with a copy of the policy and was thus never aware of the 60-day time period. Further, the demand letter did not set out a time period for compliance. Thus, defendant cannot avail itself of a policy limitation of which plaintiff had no knowledge.
Finally, plaintiff alleges that the legal authority relied upon by defendant is readily distinguishable. It is plaintiff's position that under both the terms of the policy and the provisions of section 3407, deposit in the mails is sufficient for compliance with the 60-day submission requirement.
Plaintiffs allegations are sufficient to defeat defendant’s motion for summary judgment. (219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506.) If established at trial, the failure to furnish a copy of the policy could result in a waiver by defendant since the 60-day requirement, while set out in Insurance Law § 3407, is, in the words of the statute, tied to the furnishing of proofs "as specified in such contract”.
In Guadagno v Colonial Coop. Ins. Co. (101 AD2d 947) plaintiff contended that she received a copy of the policy which did not include either a two-year Statute of Limitations provision or the 60-day proof of loss provision. The court stated: "When an insurance company issues a policy without the shortened limitation period, it may be estopped from relying on the provision * * * Nonetheless, plaintiff still failed to present the necessary proof of loss within a reasonable time. Even assuming that the policy contained no 60-day proof of loss requirement, such omission does not extend the time period in which to file proof of loss ad infinitum * * * A *315 reasonable period of time to satisfy this condition precedent to recovery has long since expired.” (Supra, p 947; emphasis supplied.) Assuming plaintiff never received the policy, mailing of proofs within 58 days, and receipt within 61 days, would be sufficient to comprise a "reasonable period of time”.
Mailing of the proofs occurred within the 60-day period. In Peabody v Satterlee (166 NY 174, 179 [1901], supra) the Court of Appeals stated: "[Depositing of the proofs of loss in the mail at Buffalo on the sixtieth day after the fire occurred cannot be held a compliance with the provisions of the policy.”
However, Peabody (supra) predated Insurance Law § 3407 (former § 172, added by L 1939, ch 882, § 172) and was based solely on the court’s interpretation of the policy before it. That policy required the insured to " 'render’ ” (p 176) a statement within 60 days. In discussing the meaning of the word "render” the court relied on its dictionary definition and held that the policy required personal service of the sworn statements. It held: "In cases of this kind substituted service or service by mail is either matter of statute or contract. In this case the contract is silent” (166 NY, at pp 178-179).
Here, the policy required that plaintiff "submit” proofs. The words "shall furnish” are found in the statute.
Defendant contends that neither the statute nor the word change makes any difference. It argues that since Peabody has been cited by the Court of Appeals as recently as 1984 (Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 214-215, supra), the subsequent enactment of the statute has not changed its import.
In Igbara Realty (supra), the mailing date versus date of receipt was not at issue. In one of the four consolidated appeals, proofs of loss were never furnished. In the other three, proofs were not submitted until 13 months, 6V2 months, and 4 Vi months after receipt of the insurer’s demand. In citing Peabody (166 NY 174, supra) and the effect of the subsequent statute, the court stated (63 NY2d, at pp 215-216): "The Insurance Law was, however, recodified in 1939 (L 1939, ch 882) and as a part of that recodification section 172 [now 3407] was added. The issue presented by these cases is the extent to which that section modified the prior stringent rule * * * Although it has been said that that provision was enacted to protect 'the insured from the consequences of his oversight or neglect in complying with one of the conditions *316 precedent to a recovery under the policy’ (Margulies v Quaker City Fire & Mar. Ins. Co., 276 App Div 695, 698), and there is some testimony in the hearings by the Joint Legislative Committee * * * that would support that statement, its language goes no further than to require that the insurer bring to the attention of the insured * * * the necessity for filing such proofs.” In essence, the court stated that so long as the proper statutory notice was given, it would enforce the insurance contract as written. As was the case in Peabody, we must, therefore, look to the terms of the policy to determine the obligations of the parties.
The provisions of the CPLR relating to service and/or mailing of papers (see, e.g., CPLR 308, 2103) are not technically applicable as they only apply to litigation matters.
CPLR 2103 (b) (2) states: "[S]ervice by máil shall be complete upon deposit of the paper enclosed in a postpaid properly addressed wrapper, in a post office or official depository * * * where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period”. It would seem inappropriate to require more for a paper required by a contract than for a paper required in litigation, at least where such requirement is not explicitly set forth in the policy. Any ambiguity created by the contract must be resolved against the drafting part. Therefore, the cross motion to dismiss the affirmative defense should be granted.