OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs. Question certified not answered as unnecessary.
Plaintiff’s failure to file sworn proofs of loss within 60 days after receiving a demand to do so by its insurer, accompanied by proof of loss forms, is a complete defense to plaintiff’s action on the insurance policy (Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 216; Insurance Law § 3407 [a]). Plaintiff’s contentions that defendants should be estopped from relying on the proof of loss condition because their demand letter did not state the date by which the proofs had to be filed and because it also contained a demand that plaintiff appear for an examination under oath are without merit (Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., supra; see also, Melendez v United States Fire Ins. Co., NYLJ, Jan. 2, 1987, p 15, col 2). Nor does the fact that defendants, through their attorney, examined one of plaintiff’s employees under oath with regard to its claims constitute a waiver of the proof of loss condition (Maleh v New York Prop. Ins. Underwriting Assn., 64 NY2d 613, 614). Furthermore, the utilization of the untimely filed proofs of loss at the examination does not constitute a waiver of the condition because defendants’ attorney at that time clearly reserved his right to assert at any time that the proofs were untimely filed. We have examined the rest of plaintiff’s arguments and found them to be without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order, insofar as appealed from, affirmed with costs, in a memorandum. Question certified not answered as unnecessary. Motion by Anthony Marino Construction Corp. for leave to appear amicus curiae denied.