■ BEVERLY J. PEDRICK, Respondent, v COMMERCIAL UNION INSURANCE COMPANY,, Appellant. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff sued defendant to recover on an insurance policy for loss sustained in a burglary at her apartment. Defendant refused payment, alleging as a first affirmative defense that plaintiff did not submit proof of loss within 60 days of defendant's demand as required by the policy. Special Term properly denied summary judgment to defendant, but improperly granted plaintiff's cross motion to dismiss defendant's first affirmative defense. Although plaintiff's proof of loss was submitted beyond the 60-day period, there are questions of fact whether defendant waived the requirement or should be estopped from asserting it.

At the examination, held within the 60-day period, plaintiff informed defendant's counsel that she had substantially completed the proof of loss forms (containing eight pages and over 100 items), except for the value of three items which she could not obtain at that time. When defendant's counsel told plaintiff to wait until all the items were valued before submitting the proof of loss, he may have lulled her into believing that the proof of loss did not have to be submitted within a particular time (see, Cardinale v Genesee Val. Med. Care, 94 AD2d 966, 967; Dresserville Farms v Firemen's Ins. Co., 54 AD2d 1118, 1119; see also, 31 NY Jur, Insurance, § 1300 et seq).

On this record there is an issue of fact precluding summary judgment whether defendant waived the 60-day provision of the policy (see, Guadagno v Colonial Coop. Ins. Co., 101 AD2d 947; Teitelbaum v New York Prop. Ins. Underwriting Assn., 126 Misc 2d 240, 243). It was error for Special Term to dismiss defendant's first affirmative defense (that proof of loss was not submitted within 60 days) because at trial defendant may be able to establish that it did not waive its rights under the terms of the policy. (Appeal from order of Supreme Court, Oneida County, Tenney, J.—summary judgment.) Present—

Dillon, P. J., Callahan, Green, Balio and Davis, JJ. *[See,* 134 Misc 2d 313.]