**VARDA, INC., Plaintiff,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

**No. 85 Civ. 8133 (JES).**

United States District Court, S.D. New York.

Dec. 6, 1988.

Kroll, Tract, Pomerantz & Cameron, New York City, for plaintiff; Peter W. Flanagan, Kenneth Fremont, of counsel.

Greenhill and Rubin, New York City, for defendant; Charles T. Rubin, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Varda, Inc. brings this action to recover for breach of an insurance con-tract. Defendant Insurance Company of North America has moved for summary judgment. Jurisdiction is based on diversi-ty of citizenship, 28 U.S.C. § 1332(a)(1), and the parties agree that New York law is controlling. For the reasons set forth be-low, defendant's motion is denied.

## BACKGROUND

The following facts, except as noted, are undisputed.

Defendant issued an insurance policy to plaintiff which included protection for loss-es due to burglary. *See* Affidavit of Ezra Omri ("Omri Aff.") at ¶ 2. On October 23, 1984, while the policy was still in effect, plaintiff alleges that its premises were bur-glarized. *See id.* at ¶ 3. A notice of claim was filed with defendant, which began an investigation. *See id.* at ¶¶ 3, 5. Although almost one year elapsed from the time of the burglary, plaintiff's president received no advice from defendant as to whether the claim would be paid or denied and there-fore assumed that it was being denied. *See id.* at ¶¶ 12, 17. In addition, defend-ant's claims adjuster advised plaintiff's at-torney that defendant believed plaintiff had no provable loss. *See* Affidavit of Peter W. Flanagan ("Flanagan Aff.") at ¶ 2. This action was commenced on October 16, 1985. *See* Omri Aff. at ¶ 11.

On November 8, 1985, defendant sent a letter to plaintiff requesting that plaintiff file sworn proof of loss forms and enclosed blank forms with the letter. The letter also requested that plaintiff appear at an oral examination on December 9, 1985. *See* Affidavit of William N. Plume ("Plume Aff."), Ex. B. Plaintiff concedes receipt of this letter. *See* Omri Aff. at ¶ 13.

Plaintiff's president appeared at the oral examination on December 9, 1985, bringing documents he believed would be sufficient for the proof of loss request. *See id.* at ¶ 13. Defendant's attorney did not repeat the request for proofs of loss at the oral examination, although he did request pro-duction of other documents which had been requested in the November 8 letter. *See*

*id.* at ¶ 15. The oral examination was adjourned so that plaintiff could gather additional documentation. *See id.* Plaintiff has never furnished defendant with proofs of loss. *See* [Defendant's] Statement of Undisputed Facts at ¶ 5.

The parties dispute the contents of the "policy" which was given to plaintiff. The policy booklet on which defendant relies provides that the insured must furnish to the insurer a signed and sworn proof of its loss and that the insured will not bring suit against the insurer unless it has complied with all terms of the policy. *See* Plume Aff., Ex. A. Plaintiff claims that the policy booklet containing these provisions was not attached to the policy it was given. *See* Flanagan Aff. at ¶ 3; Omri Aff., Ex. A.

## DISCUSSION

Summary judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202 (1986); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Since the failure to file sworn proofs of loss within sixty days of a demand is an absolute defense to a suit on an insurance policy, and since plaintiff concededly never filed them, the defendant would be entitled to summary judgment unless there is a genuine issue of fact as to whether that requirement has been waived or defendant should be estopped from asserting that defense. *See Anthony Marino Constr. Corp. v. INA Underwriters*

*Ins. Co.,* 69 N.Y.2d 798, 800, 505 N.E.2d 944, 944–45, 513 N.Y.S.2d 379, 379 (1987); *Igbara Realty Corp. v. New York Property Ins. Underwriting Ass'n,* 63 N.Y.2d 201, 210–11, 470 N.E.2d 858, 860, 481 N.Y.S.2d 60, 61 (1984); *see also* N.Y.Ins.Law § 3407(a) (McKinney 1985).[1]

Here, plaintiff argues that there was a waiver because the policy booklet containing the proof of loss provision was not included in the materials it received. The failure to furnish a policy containing the proof of loss provision provided for in N.Y. Ins.Law § 3404(e) may result in a waiver of the sixty day requirement for filing proofs of loss. *See Pedrick v. Commercial Union Ins. Co.,* 134 Misc.2d 313, 314, 511 N.Y.S.2d 194, 195 (Oneida Cty.1986), *aff'd as modified,* 132 A.D.2d 980, 518 N.Y.S.2d 533 (4th Dept.1987); *see also Guadagno v. Colonial Coop. Ins. Co.,* 101 A.D.2d 947, 947, 475 N.Y.S.2d 926, 928 (3d Dept.1984); *cf. Aarons Fifth Ave., Inc. v. Insurance Co. of North America,* 52 A.D.2d 855, 855, 383 N.Y.S.2d 45, 46 (2d Dept.1976) (issue of fact as to whether page containing two year limitation period for suit was included in plaintiff's policy).

In *Pedrick, supra,* the insured mailed proofs of loss within the sixty day period although they were not received until the sixty-first day. *See* 134 Misc.2d at 313–14, 511 N.Y.S.2d at 195. The court held that the question of whether defendant had furnished plaintiff with a copy of the policy containing the proof of loss provision presented an issue of fact as to whether compliance with the sixty day period had been waived, thus precluding summary judgment.[2] Therefore, the court concluded

---

**1.** N.Y.Ins.Law § 3407(a) provides in pertinent part:

The failure of any person insured ... to furnish proofs of loss to the insurer ... as specified in [its] contract shall not invalidate or diminish any claim ... unless such insurer or insurers shall ... give to such insured a written notice that it or they desire proofs of loss to be furnished by such insured to such insurer or insurers on a suitable blank form or forms. If the insured shall furnish proofs of loss within sixty days after the receipt of such notice and such form or forms, or within any longer period of time specified in such notice, such insured shall be deemed to have

complied with the provisions of such contract of insurance relating to the time within which proofs of loss are required.

**2.** In *Pedrick,* the Court held alternatively that the proofs of loss had been submitted on the date they were mailed, which was within the sixty day period, and therefore dismissed defendant's affirmative defense based on the failure to file proofs of loss. *See Pedrick, supra,* 134 Misc.2d at 315–16, 511 at 196–97. The Appellate Division modified the court's order, holding that although plaintiff's proof of loss was submitted beyond the sixty day period, there existed a question of fact as to whether

that strict compliance with the sixty day period was not essential so long as those proofs of loss were filed within a reasonable time, which the court found had been done. *See id.* at 314–15, 511 N.Y.S.2d at 195–96.

■ It follows that plaintiff's contention that the policy it received did not contain the proof of loss provision does raise a triable issue of fact with respect to the waiver issue. However, even assuming arguendo that plaintiff's contention is true, as the Court must do on a motion for summary judgment, the time period in which to file proofs of loss is not extended indefinitely, but only for a reasonable period of time. *See Guadagno, supra,* 101 A.D.2d at 947, 475 N.Y.S.2d at 928 (failure to file proofs of loss for over six years not reasonable).

In this case, plaintiff concededly has never filed proofs of loss. However, the defendant's answer asserting the proof of loss defense was served only five days after the sixty day period had expired. If the defendant's answer had been served before the expiration of that time period and had no defense based upon the failure to file proofs of loss been asserted, plaintiff would still have been required to file proofs of loss. *See Igbara, supra,* 63 N.Y. 2d at 210, 470 N.E.2d at 860, 481 N.Y.S.2d at 62.

Here, however, as noted above, the answer was served five days after the expiration of the sixty day period and included a

defense of failure to file proofs of loss. That answer unequivocally denied the claim on several grounds, including the failure to file proofs of loss. At that point plaintiff was discharged of any obligation to file proofs of loss. Nevertheless, since the Court cannot say that the sixty five day period between defendant's demand for proofs of loss and the service of its answer was as a matter of law an unreasonable period of time, the Court cannot grant summary judgment.

Defendant also argues that an insured making a claim under an insurance policy is charged with knowledge of the terms of the policy. *See Metzger v. Aetna Ins. Co.,* 227 N.Y. 411, 416–17, 125 N.E. 814, 816–17 (1920); *American Motorists Ins. Co. v. Salvatore,* 102 A.D.2d 342, 344–45, 476 N.Y.S.2d 897, 899 (1st Dept.1984). Defendant further argues that by pleading performance of all required conditions of the policy, *see* Complaint at ¶ 12, plaintiff cannot now attempt to prove a waiver, *see Cohen v. New York Property Ins. Underwriting Ass'n,* 65 A.D.2d 71, 78, 410 N.Y.S. 2d 597, 601 (1st Dept.1978). However, the Court is not persuaded that the principles enunciated in the cases relied on by defendant apply where as here there is a factual dispute as to what policy an insured received, and no such issue was raised in those cases.[3]

■ Plaintiff has also raised several arguments which the Court cannot accept.[4]

---

defendant had lulled the plaintiff. The court did not disturb the lower court's determination that a failure to deliver the policy may also have resulted in a waiver. *See* 132 A.D.2d at 980–81, 518 N.Y.S.2d at 534.

**3.** Although defendant relies on *Anthony Marino Constr. Corp. v. INA Underwriters Ins. Co.,* No. 13073/84, slip op. (New York Cty. July 23, 1985), *aff'd,* 121 A.D.2d 851, 503 N.Y.S.2d 217 (1st Dept.1986), *aff'd* 69 N.Y.2d 798, 505 N.E.2d 944, 513 N.Y.S.2d 379 (1987), as a case in which the plaintiff's claim that it was not in possession of a complete copy of the insurance policy was rejected, the court there only stated the general rule that an insured making a claim under an insurance policy is charged with the knowledge of its terms. *See id.,* slip op. at 4. There is no indication in the court's opinion that any issue was raised in that case as to whether plaintiff

had never received an insurance policy containing the proof of loss provision.

**4.** In defending its failure to file proofs of loss, plaintiff raises several arguments which have been clearly rejected by the New York Court of Appeals. First, contrary to plaintiff's assertion, the demand need not state that the proofs of loss must be furnished within sixty days, nor is it legally relevant that the demand letter also includes a demand for plaintiff to appear at an oral examination. *See Anthony Marino, supra,* 69 N.Y.2d at 800, 505 N.E.2d at 944, 513 N.Y.S. 2d at 379. In addition, supplying documents or other information to defendant does not discharge plaintiff's obligation to timely submit sworn proofs of loss. *See Maleh v. New York Property Ins. Underwriting Ass'n,* 64 N.Y.2d 613, 614, 474 N.E.2d 240, 240, 485 N.Y.S.2d 32, 32 (1984).

Plaintiff argues that the demand for proofs of loss should have been served on its public adjuster. There is no support for this proposition. N.Y.Ins.Law 3407(a) provides that before taking advantage of a contractual proof of loss provision, the insurer must "give to such insured a written notice" that proofs of loss are desired. In *Esa v. New York Property Ins. Underwriting Ass'n*, 89 A.D.2d 865, 453 N.Y.S.2d 247 (2d Dept.1982), service of demand on the public adjuster was upheld only after the insurer made a reasonable effort to serve the insured and where the insured did in fact receive the demand. *See id.* at 866, 453 N.Y.S.2d at 249. However, the fact that service on the public adjuster *may* be permissible in certain circumstances does not support the proposition that such service *must* be made.

Plaintiff further argues that it was not required to furnish proofs of loss because defendant had denied its claim by neither rejecting nor settling the claim before the expiration of the time for suit. This claim lacks merit on the facts presented here. Although a failure to furnish proofs of loss would not operate as an absolute defense if there was conduct by the insurer inconsistent with an assertion of the defense, *see, e.g., Beckley v. Otsego County Farmers Coop. Fire Ins. Co.*, 3 A.D.2d 190, 193–94, 159 N.Y.S.2d 270, 273–74 (3d Dept.1957) (causing insured's arrest for arson); *Sherri v. National Surety Co.*, 243 N.Y. 266, 272–73, 153 N.E. 70, 72 (1926) (letter denying liability), the facts relied upon by plaintiff establish no such conduct.

█ Plaintiff asserts only that defendant's claim adjuster stated that defendant believed plaintiff had no provable loss, *see* Flanagan Aff. at ¶ 2, and that plaintiff's president received no advice from defendant as to whether the claim was to be paid or denied, *see* Omri Aff. at ¶ 12. These actions, however, do not amount to an unequivocal denial of liability which would excuse a failure to submit proofs of loss. *See Aryeh v. Westchester Fire Ins. Co.*, 138 A.D.2d 337, 525 N.Y.S.2d 628, 629 (2d Dept.1988); *see also Igbara, supra*, 63 N.Y.2d at 218, 470 N.E.2d at 864, 481 N.Y.

S.2d at 66; *Lentini Bros. Moving & Storage Co. v. New York Property Ins. Underwriting Ass'n*, 53 N.Y.2d 835, 836, 422 N.E.2d 819, 820, 440 N.Y.S.2d 174, 175 (1981). Moreover, the fact that defendant did not repeat its demand for proofs of loss at the December 9 oral examination does not rise to an estoppel or waiver. *See Syd's Decorators Inc. v. New York Property Ins. Underwriting Ass'n*, 97 A.D.2d 722, 722–23, 468 N.Y.S.2d 631, 632 (1st Dept.1983), *aff'd sub nom. Igbara Realty Corp. v. New York Property Ins. Underwriting Ass'n*, 63 N.Y.2d 201, 470 N.E.2d 858, 481 N.Y.S.2d 60 (1984).

In sum, if the policy plaintiff received contained the proof of loss provision, plaintiff has failed to timely furnish proofs of loss. That question, however, presents an issue of fact which the Court cannot resolve on a motion for summary judgment. Moreover, assuming plaintiff did not receive a copy of the policy booklet, the Court cannot say that its failure to file proofs of loss here was unreasonable as a matter of law.

## CONCLUSION

Therefore, for the reasons stated above, defendant's motion for summary judgment is denied. A Pre–Trial Conference shall be held on January 6, 1989 at 10:30 AM.

It is SO ORDERED.