Donna **LOSURDO–SANTIAGO,**[*]
Plaintiff–Appellant,

v.

**L3 SATELLITE NETWORKS, Division of L3 Communications, Inc.,**
Defendant–Appellee.

**Docket No. 02–9036.**

United States Court of Appeals, Second Circuit.

April 25, 2003.

---

* The Clerk is directed to delete the name of Iris

Rios, who no longer is a party to this appeal,

Paul L. Dashefsky, Smithtown, NY, for Appellant.

Dawn Davidson Drantch, Syosset, NY, for Appellee.

Present: NEWMAN, POOLER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Donna Losurdo–Santiago appeals from a judgment, entered after a jury verdict, that dismissed her claims against L3 Satellite Networks ("L3") for violation of the federal Equal Pay Act, 29 U.S.C. § 206(d), and its state analog, N.Y. Labor L. § 194.

Losurdo–Santiago worked for many years for LNR Communications, Inc. ("LNR"). Her duties included all tasks related to ensuring that a product ordered by a customer was manufactured, inspected, and tested in a timely fashion. Three other employees, all of whom were women, also performed this function for LNR.

In January 2000, L3 purchased LNR. Some months thereafter, L3 merged its Sat Net division with LNR. Because LNR and Sat Net used different job titles, L3 reclassified Losurdo–Santiago and the three other women who had performed the product scheduling function at LNR as "planners." There were no Sat Net em-

from the official caption.

**280**

ployees in the "planner" position at the time of the merger. However, two male Sat Net employees–and no female employees–held the title "senior planner." Because the "senior planner" title carried a higher salary range, Losurdo–Santiago and the other female planners received a lower salary than the male senior planners.

In response to Losurdo–Santiago's lawsuit, L3 attempted to justify the unequal pay on several bases, one of which was the need for reclassification created by the merger. The jury found that Losurdo–Santiago performed work similar to at least one of the senior planners and that she worked under substantially similar conditions. However, the jury found in favor of L3 on its affirmative defense of a "factor other than sex," 29 U.S.C. § 206(d)(1), namely the merger of LNR and L3. Because the jury also found that Losurdo–Santiago failed to satisfy her burden of demonstrating pretext, judgment was entered in L3's favor.

On appeal, Losurdo–Santiago argues that the district court erred by refusing to (1) enter judgment as a matter of law in her favor; (2) charge the jury that L3's burden to prove its affirmative defense was "heavy"; (3) charge the jury that L3's affirmative defense would be negated by a showing that the asserted policy had a negative impact on women; (4) insert an additional word in the verdict sheet question on L3's merger defense.

██ Losurdo–Santiago prematurely moved for judgment as a matter of law at the end of her case and renewed that motion at the end of the defendant's case, but she did not renew her motion after the verdict as Federal Rule of Civil Procedure 50(b) requires. Therefore, we lack power to direct the district court to enter a judgment contrary to the one it entered. *Varda, Inc. v. Insurance Co. of N.A.*, 45 F.3d

634, 638 (2d Cir.1995). Although we have power to order a new trial "to prevent a manifest injustice in cases where a jury's verdict is wholly without legal support," plaintiff has neither asked for a new trial nor shown that the jury's verdict is without legal support. *Id.* (internal quotation marks omitted).

██ The two charge issues lack merit. First, the defendant bears no heightened burden before the jury as to its affirmative defense. The decision cited by the plaintiff, *Ryduchowski v. Port Authority of New York and New Jersey*, 203 F.3d 135 (2d Cir.2000), used the "heavy burden" phrase in the context of determining that a defendant had failed to meet its burden of persuading the district court that a jury's finding was not supported by sufficient evidence." *Id.* at 143–44. *Ryduchowski* has been correctly understood as relating to that context, *see Tesser v. Board of Educ.*, 190 F.Supp.2d 430, 436 (E.D.N.Y. 2002), not to an instruction to a jury. Second, the plaintiff's requested charge concerning a discriminatory effect related to an affirmative defense that the jury rejected. The omission of the requested charge language, which was doubtful in any event, *see Kouba v. Allstate Ins. Co.*, 691 F.2d 873 (9th Cir.1982), was therefore of no consequence.

██ Lastly, Losurdo–Santiago requested that the court modify its question on the merger as a sexually neutral factor. This question asked the jury, "[d]id the defendant prove that it paid the plaintiff Donna Losurdo–Santiago less than [her male comparators] because of a valid classification as a result of the physical merger of LNR and Sat Net?" Plaintiff asked that the court insert the word "solely" immediately before "as a result of." The court correctly declined this request because it was not the law and because it rendered

the pretext question superfluous. *See Ryduchowski,* 203 F.3d at 142 (describing shifting burdens in an Equal Pay Act case).