**John BURIC, Plaintiff–Appellant,**

v.

**Raymond KELLY, Individually and as the Commissioner of the New York City Police Department, The New York City Police Department, The New York City Police Department Article II Pension Fund and City of New York, Defendants–Appellees.**

No. 04–5884–CV.

United States Court of Appeals, Second Circuit.

Dec. 6, 2005.

Alan E. Wolin, New York, NY, for Appellant.

Fay NG (Michael A. Cardozo, Corporation Counsel of the City of New York, Pamela Seider Dolgow), New York, NY, for Appellees, of counsel.

PRESENT: SOTOMAYOR, KATZMANN, Circuit Judges, and

EATON, Judge.[*]

## SUMMARY ORDER

Plaintiff-appellant John Buric ("Buric") appeals from the judgment, after a jury trial, dismissing Buric's complaint and denying his motion for a new trial. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

■ Because Buric did not move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 during or after the trial, we review his claim that the evidence at trial was insufficient to support a verdict for the defendants only to prevent " 'a manifest injustice' ... '[w]here a verdict is wholly without legal support.' " *Varda, Inc. v. Ins. Co. of North Am.*, 45 F.3d 634, 638 (2d Cir.1995) (quoting *Sojak v. Hudson Waterways Corp.*, 590 F.2d 53, 54 (2d Cir.1978) (per curiam)). Contrary to Buric's assertion, the verdict here was supported by evidence of Buric's psychological troubles over the course of two decades and the testimony of the New York Police Department ("NYPD") psychologist who found him unsuitable for full duty police work and her supervisor who approved that conclusion.

■ Buric next challenges a number of the district court's evidentiary rulings, which we review for abuse of discretion. *See Tesser v. Bd. of Educ.*, 370 F.3d 314, 318 (2d Cir.2004). An evidentiary error in a civil case is harmless " 'unless [the appellant demonstrates that] it is likely that in some material respect the factfinder's judgment was swayed by the error.' " *Id.* at 319 (quoting *Costantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164, 174 (2d Cir.2000) (quotation marks and citation

omitted)). We find no abuse of discretion in the admission of evidence relating to Buric's public employment history prior to 1982, his previous terminations and suspensions from the NYPD, and various reports by NYPD psychologists. The evidence was admitted to show what the NYPD psychologists relied upon and how they came to their conclusions that Buric was not psychologically suitable for full duty police work, not the improper purpose of relitigating events previously decided in Buric's favor in state court.

■ The district court also did not abuse its discretion in excluding the stipulation of settlement arising from Buric's 2001 arrest for impersonating a police officer because Buric plainly sought to use the evidence to establish liability, the exact purpose that Rule 408 of the Federal Rules of Evidence forbids. Nor was the admission of the 2001 arrest itself erroneous where Buric had the opportunity to explain the arrest and inform the jury that he had filed a lawsuit as a result and that the charge was dropped.

■ We agree with Buric that the admission of evidence relating to Buric's guilty plea to a charge of educational neglect and the report from the psychological exam he underwent to regain custody of his son was an abuse of discretion because the evidence was not pertinent to why the NYPD referred Buric for involuntary retirement. Any error, however, was harmless in light of the significant admissible evidence of Buric's psychological problems and family issues over the two decades of his career with the NYPD.

We further reject Buric's challenge to the district court's failure to give his proposed jury instruction on the law of issue preclusion. Even assuming that his in-

[*] The Honorable Richard K. Eaton, United States Court of International Trade, sitting by designation.

struction was a correct statement of the law, the district court's instruction was not erroneous and this Court will not overturn a jury verdict even if a more complete jury instruction could have been given. *Densberger v. United Techs. Corp.*, 297 F.3d 66, 73 (2d Cir.2002) (internal quotation marks and citation omitted).

To the extent that, by agreeing to the proposed language, Buric did not waive his objection to the jury charge on whether the referral to the Article II Medical Board for involuntary retirement was the only adverse employment action at issue in this litigation, we review the instruction for plain error. *United States v. Crowley,* 318 F.3d 401, 412, 414 (2d Cir.2003). An error is plain where it is clear or obvious and affects a party's substantial rights. *United States v. Olano,* 507 U.S. 725, 735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The "repeated terminations" and "restricted duty assignments" that Buric claims were retaliatory all took place prior to 2000 and thus are beyond the three-year statute of limitations for this case, which Buric commenced in 2003. *See Jewell v. County of Nassau,* 917 F.2d 738, 739 (2d Cir.1990) (holding that N.Y. C.P.L.R. § 214 governs limitations period for § 1983 actions brought in federal district court in New York); N.Y. C.P.L.R. § 214 (McKinney 2003). With respect to the referral for psychological evaluation in April 2003, this Court has not held that referral for psychological examination, without more, is an adverse employment action and thus even if the failure to instruct the jury on this point was error, it was not plain.

■ We also reject Buric's contention that the district court abused its discretion in failing to dismiss a juror who had received an anonymous phone message about the case during the trial. After questioning by the district court and the parties, the juror stated that he had no reason to believe that the call came from either party and that it did not affect his impartiality. The district court declined to dismiss the juror, finding his answers "candid[ and] forthright[ ]." The district court "is in the best position to assess the demeanor and credibility of the jurors," *United States v. Breen,* 243 F.3d 591, 597 (2d Cir.2001), and, on these facts, we find no abuse of discretion. *See United States v. Aiello,* 771 F.2d 621, 630 (2d Cir.1985) (finding no abuse of discretion where the district court did not dismiss a juror after an unidentified third party called her twice and approached her in person), *abrogated on other grounds, Rutledge v. United States,* 517 U.S. 292, 301, 307, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996).

Finally, Buric's objections to the jury charge with respect to the burden shifting framework of *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), and municipal liability, as well as his challenge to the second jury interrogatory and the dismissal of Police Commissioner Kelly as an individual defendant are moot because the jury found no § 1983 violation.

■ We do find merit, however, in Buric's challenge to the dismissal of his state law claim pursuant to N.Y. C.P.L.R. §§ 7801–06 (Article 78) prior to the end of trial. Where, as here, a state law claim arises out of the same events that give rise to the federal claim, a district court has discretion to decline supplemental jurisdiction only if its decision is based on one of the enumerated categories under 28 U.S.C. § 1367(c). *Treglia v. Town of Manlius,* 313 F.3d 713, 723 (2d Cir.2002); *Itar–Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 448 (2d Cir.1998). The district court did not ground its refusal to exercise supplemental jurisdiction on any of the enumerated categories under § 1367(c). We therefore vacate the dis-

missal of the state law claim and remand to the district court to reconsider its decision and, if a basis exists, to articulate the ground for its dismissal under § 1367.

We have considered all of Buric's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED with respect to Buric's claim pursuant to 42 U.S.C. § 1983 and VACATED and REMANDED to the district court to reconsider whether to take supplemental jurisdiction of Buric's state law claim.