Order, Supreme Court, New York County (Anil C. Singh, J.), entered August 2, 2012, which granted defendant’s motion to dismiss the complaint, unanimously modified, on the law, to deny defendant’s motion to dismiss, and to declare in defendant’s favor, and otherwise affirmed, without costs.
Plaintiffs allege that they were insured under a policy issued by defendant that included Builders Risk Coverage with regard to a three-family home, owned jointly by them. Among other conditions, the policy required the insureds to provide a “signed, sworn proof of loss containing the information we request to settle the claim within 60 days after our request.”
In January 2010, plaintiffs allegedly sustained water damage to their property and, that same month, made a claim to defendant under the policy. On July 16, 2010, defendant, by its attorneys, sent plaintiffs written notice requesting a sworn statement in proof of loss, together with the appropriate forms, pursuant to plaintiffs’ policy of insurance. In November 2010, more than 60 days after the proof of loss was demanded and plaintiffs had failed to return a proof of loss, defendant denied plaintiffs property claim.
*557 Plaintiffs’ failure to file proof of loss within 60 days after receipt of defendant’s notice is an absolute defense to an action on the policy, absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense (Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 209-210 [1984]). The fact that the written notice demanding a proof of loss was provided by counsel for defendant, rather than defendant itself, does not render the demand ineffective or excuse plaintiffs from complying with the policy’s requirement (see Pioneer Ins. Co. v Deleo, 167 AD2d 795, 797 [3d Dept 1990]; see also Anthony Marino Constr. Corp. v INA Underwriters Ins. Co., 69 NY2d 798, 800 [1987]).
We modify solely to declare in defendant’s favor, rather than dismiss the complaint (see Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]). Concur — Gonzalez, RJ., Tom, Saxe, Freedman and Manzanet-Daniels, JJ.