590 F.2d 53
 Henry SOJAK, as Administrator of the Estate of Josef Sojak,
and Henry Sojak, Individually, Agnes Dolores
Drapala, and Helen Digiosa, Plaintiffs-Appellants,
v.
HUDSON WATERWAYS CORPORATION, Defendant-Appellee.
 No. 403, Docket 78-7373.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 4, 1978.
Decided Dec. 29, 1978.
 
 Robert David Becker, New York City, for plaintiffs-appellants.
 George T. Delaney, New York City (Cichanowicz & Callan, New York City, of counsel), for defendant-appellee.
 Before KAUFMAN, Chief Judge, SMITH and VAN GRAAFEILAND, Circuit Judges.
 PER CURIAM:
 
 
 1
 The administrator of the estate of Josef Sojak appeals from a judgment entered on a jury verdict finding the defendant Hudson Waterways Corp. not liable under the Jones Act, 46 U.S.C. § 688, or the Death on the High Seas Act, 46 U.S.C. § 761 et seq., for Josef's death. The complaint alleged both negligence and unseaworthiness, but the pretrial order indicated that the plaintiff would proceed only on a theory of negligence. During the presentation of plaintiff's case, however, the district court, on its own motion, reinstated the claim for unseaworthiness. The jury found for the defendant on both claims, and the plaintiff now seeks a new trial on the grounds that the verdict on the unseaworthiness claim was contrary to the weight of the evidence, that the jury should have been instructed on the doctrine of res ipsa loquitur, and that the district judge ruled incorrectly on the admissibility of certain evidence.
 
 
 2
 Josef Sojak was a Third Engineer on the Transidaho, a steamship owned by the defendant. On February 21, 1974, while the vessel was off the coast of Puerto Rico, a turbine generator in the engine room exploded, killing Josef and injuring the only other seaman on duty in the room. The ship's log shows that the Chief Engineer was notified of the explosion at 8:10 p.m., just ten minutes after Josef's shift in the engine room began.
 
 
 3
 Because the injured seaman could not recall the facts surrounding the accident, the only evidence as to the cause of the explosion was expert testimony and written accident reports. The reports of two consultants retained by the defendant indicated that the immediate cause of the explosion was a failure of the generator's reduction gear shaft. The official Coast Guard report, on which the experts primarily based their testimony, concluded "(t)hat the generator turbine explosion was instantaneous without warning the two watchstanders . . ., (t)hat the explosion was probably caused by a fracture of the turbine shaft . . ., (and) (t)hat the cause of (the) fracture is unknown."
 
 
 4
 Plaintiff's expert and defendant's expert both conceded that the cause of the explosion could not be determined conclusively, although each advanced several possible explanations for its occurrence. All of those explanations, however, assumed a malfunction somewhere in the power system, and there was no suggestion that the decedent caused the malfunction or the explosion.
 
 
 5
 We believe that the unseaworthiness of the Transidaho was clearly established and that the jury's verdict to the contrary cannot stand. A shipowner is under an absolute duty to furnish its employees with a ship and appurtenances that are reasonably fit for their intended purposes. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960); Shenker v. United States, 322 F.2d 622, 625 (2d Cir. 1963), Cert. denied,376 U.S. 907, 84 S.Ct. 659, 11 L.Ed.2d 606 (1964). A breach of this duty results in "a species of liability without fault." Conty v. State Marine Lines, Inc., 355 F.2d 26, 28 (2d Cir. 1966). A ship's generator that inexplicably explodes while being put to normal use is unfit for its intended purpose and makes the ship unseaworthy. Sotell v. Maritime Overseas Inc.,474 F.2d 794 (2d Cir. 1973); Oliveras v. American Export Isbrandtsen Lines, Inc., 431 F.2d 814 (2d Cir. 1970); Van Carpals v. The S.S. American Harvester, 297 F.2d 9 (2d Cir. 1961), Cert. denied, 369 U.S. 865, 82 S.Ct. 1031, 8 L.Ed.2d 84 (1962); Villarosa v. Massachusetts Trustees of Eastern Gas & Fuel Associates, 39 F.R.D. 337 (E.D.Pa.1966).
 
 
 6
 Plaintiff did not move for a directed verdict pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. Although he did move to set the verdict aside, Rule 50(b) allows a judgment n. o. v. to be granted only if the moving party requested a directed verdict before the submission of the case to the jury. However, we are not powerless to grant relief. Where a jury's verdict is wholly without legal support, we will order a new trial in order to prevent a manifest injustice. See Oliveras v. American Export Isbrandtsen Lines, Inc., supra, 431 F.2d at 817. We therefore remand the case for a new trial on the merits of the unseaworthiness claim.
 
 
 7
 As to the negligence claim, the district court was correct in declining to instruct the jury on the doctrine of res ipsa loquitur. That doctrine is applicable only where the instrumentality that causes the harm is under the exclusive control of the defendant and the accident is of a type that in the ordinary course of events would not occur in the absence of negligence. See Savard v. Marine Contracting, Inc., 471 F.2d 536, 542 (2d Cir. 1972), Cert. denied, 412 U.S. 943, 93 S.Ct. 2778, 37 L.Ed.2d 404 (1973). These requisites were not met in this case. See Asprodites v. Standard Fruit & Steamship Co., 108 F.2d 728 (5th Cir.), Cert. denied, 310 U.S. 642, 60 S.Ct. 1089, 84 L.Ed. 1410 (1940).
 
 
 8
 Plaintiff's third claim of error relates to certain evidence regarding custom and usage which he attempted to introduce to rebut an allegation of contributory negligence. The admissibility of evidence such as this is ordinarily discretionary with the trial court. Utility Control Corp. v. Prince William Construction Co., 558 F.2d 716, 721 (4th Cir. 1977); Nelson v. Brunswick Corp., 503 F.2d 376, 380 (9th Cir. 1974). Because we cannot anticipate whether the question of admissibility will arise in the same manner on the retrial, we will not attempt to indicate in advance what the trial court's ruling should be.
 
 
 9
 Judgment reversed and the case remanded for a new trial solely on the issue of unseaworthiness.[1]
 
 
 
 [1]
 Decedent, who was unmarried, left only one brother claiming dependency. Plaintiff's evidence in support of this claim was far from convincing. This may explain why the jury found for the defendant but recommended payment of funeral expenses. Unless more satisfactory proof of dependency is offered on the retrial, the district judge may feel compelled to limit recovery to burial expenses