**Parvaneh FARJAM, Plaintiff–
Appellant,**

v.

**NEW YORK CITY HEALTH AND HOS-
PITALS CORPORATION, Lincoln
Medical and Mental Health Center,
Trevor McLean, Defendants–Appel-
lees.**

**Docket No. 01–9062.**

United States Court of Appeals,
Second Circuit.

April 25, 2002.

Parvaneh Farjam, pro se, Fresh Mead-
ows, NY, for Appellant.

On submission, for Appellee.

Present OAKES, JACOBS and
CALABRESI, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED that the judgment of the
district court be AFFIRMED.

Plaintiff–Appellant Parvaneh Farjam
appeals from a judgment entered in the
United States District Court for the South-
ern District of New York (Lynch, *J.*) in
favor of defendants, following a jury trial.
In her complaint, Farjam raises a sexual
harassment claim pursuant to Title VII of
the Civil Rights Act of 1964. On appeal,
Farjam primarily argues that the jury ver-
dict was against the weight of the evi-
dence.

We affirm because at no time during the
trial, either before or after the close of the
evidence, did Parjam move for judgment
as a matter of law on her sexual harass-
ment claim. Nor did she move for a new
trial. It is well-established that insuffi-
ciency of evidence is an argument that
may not be raised for the first time on
appeal. *See Scientific Holding Co. v.
Plessey Inc.*, 510 F.2d 15, 27–28 (2d Cir.
1974); *see also Clarkson Co. v. Shaheen*,
660 F.2d 506, 513 n. 6 (2d Cir.1981) ("As
the[ ] defendants never moved for a di-
rect[ed] verdict, for judgment n.o.v., or for
a new trial, these assertions of insufficient
evidence [for the jury's verdict] need not
be reviewed by us."). In rare cases, this
court has "the power to consider [for the
first time an] appellant['s] contention [of
evidentiary insufficiency] were it necessary
to prevent a manifest injustice." *Reich-
man v. Bonsignore, Brignati & Mazzotta
P.C.*, 818 F.2d 278, 281 (2d Cir.1987); *see
also Rodick v. City of Schenectady*, 1 F.3d
1341, 1347 (2d Cir.1993); *Clarkson*, 660
F.2d at 513 n. 6. That exception, however,
is arguably limited to situations in which a
party failed to move for a directed verdict
but then—unlike Farjam in this case—did
make a motion for judgment n.o.v. after
the jury returned an adverse verdict. *See
Oliveras v. American Export Isbrandtsen
Lines, Inc.*, 431 F.2d 814, 816–17 (2d Cir.
1970); *Sojak v. Hudson Waterways Corp.*,
590 F.2d 53, 54–55 (2d Cir.1978); *Scienti-
fic Holding*, 510 F.2d at 28. In any event,
we undertake this exceptional review only
where "the undisputed evidence results in
a [jury] verdict that is totally without legal
support." *Oliveras*, 431 F.2d at 817; *see
also Sojak*, 590 F.2d at 54–55. The jury
verdict in this case, however, cannot be
said to be "totally without legal support."

We have reviewed Farjam's other arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.