**Dorothy T. SHAFFER, Plaintiff–Appellant,**

v.

**SMITHKLINE BEECHAM CLINICAL LABORATORIES, INC., Defendant–Appellee.**

**No. 02–7941.**

United States Court of Appeals, Second Circuit.

Sept. 16, 2003.

Dorothy T. Shaffer, Ithaca, NY, pro se.

Daniel W. Whitney (Gerald S. Gaetano, of counsel), Whitney & Bogris, LLP, Towson, MD, for Appellee.

Present: CABRANES, B.D. PARKER, Circuit Judges and RAKOFF, District Judge.*

*SUMMARY ORDER*

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Dorothy T. Shaffer brought suit against defendant SmithKline Beecham Clinical Laboratories ("Smith-Kline") in February 1998, alleging that, in 1990, SmithKline negligently failed to diagnose a tissue sample from a malignant legion in her leg and that the misdiagnosis caused her to suffer from a metastic malignant melanoma in her groin in 1997.

In March 2002, the District Court denied the defendant's motion for summary judgment, and the case proceeded to trial. At trial, both sides were represented by counsel, and both sides presented expert testimony regarding whether SmithKline's failure to diagnosis the malignant legion in Shaffer's leg in 1990 caused the melanoma in her groin seven years later. At the close of evidence, both parties moved for a directed verdict, and both motions were denied. On June 20, 2002, the jury returned a verdict in favor of SmithKline. The jury found that (1) SmithKline was negligent in failing to diagnose Shaffer's 1990 legion as a malignant melanoma, but that (2) this negligence was not "a substantial factor in causing [Shaffer's] latter melanoma." Trial Tr. at 567.

Shaffer's counsel moved to set aside the verdict pursuant to Federal Rule of Civil Procedure 59 on the ground that it was "absolutely contrary to the weight of credible evidence." *Id.* at 568. In a memorandum and order dated July 11, 2002, the District Court denied the motion, stating that "the jury could have reasonably decided to credit [the defense's expert witness's] opinion, and [to] reject the opinion of [the plaintiff's experts]." On July 18, 2002, judgment was entered in favor of SmithKline, and Shaffer timely filed this appeal.

On appeal, Shaffer (now proceeding *pro se* ) argues that the evidence presented at trial did not support the jury's verdict in favor of the defendants. We have previously held, however, that "a trial court's ruling assessing the weight of the evidence" under Federal Rule of Civil Procedure 59 is not reviewable on appeal. *See Stonewall Ins. Co. v. Asbestos Claims Management Corp.,* 73 F.3d 1178, 1199 (2d Cir.1995). Instead, a plaintiff's "only appellate recourse is to challenge the legal sufficiency of the evidence" presented at trial. *Id.*

Generally, an appellant may not challenge the sufficiency of the evidence on appeal unless she filed a motion for a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 following the jury's verdict. *See, e.g., Varda, Inc. v. Ins. Co. of North America,* 45 F.3d 634, 638 (2d Cir.1995). Because Shaffer failed to comply with this requirement, her sufficiency-of-the-evidence claims are only reviewable on appeal if "[the] jury's verdict is wholly without legal support" and, therefore, a new trial is necessary "to prevent a manifest injustice." *Id.* (quoting *Sojak v. Hudson Waterways Corp.,* 590 F.2d 53, 54 (2d Cir.1978) (per curiam)). In this case, the jury chose to credit Smith-Kline's experts rather than Shaffer's experts. This credibility determination was not "wholly without legal support." Accordingly, Shaffer's sufficiency-of-the-evidence claim is not reviewable.

We have considered all of the Shaffer's remaining arguments and find them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.