Simcoe v. Gray

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand sixteen.

PRESENT:
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

Thomas B. Simcoe,

> *Plaintiff-Appellant*,

> v. 15-1736

Lieutenant Timothy Gray, NTPD, Officer Jeffrey Smith, NTPD, Officer Keith Glass, NTPD,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:      Thomas B. Simcoe, *pro se*, Attica, NY.

FOR DEFENDANTS-APPELLEES:      Charles E. Graney, Webster Szanyi LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Thomas B. Simcoe, proceeding *pro se*, appeals from the district court's entry of judgment on his 42 U.S.C. § 1983 claims of excessive force and failure to intervene after a jury verdict in favor of the police officers who arrested him following a violent domestic dispute with his then-wife. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We construe Simcoe's brief to raise a general claim that the weight of the evidence was against the verdict. However, "[a] contention that . . . the verdict was against the weight of the evidence cannot be raised for the first time on appeal." *Scientific Holding Co. v. Plessey Inc.*, 510 F.2d 15, 28 (2d Cir. 1974). Even if we consider this claim for the limited purpose of determining whether the jury's verdict was "wholly without legal support," *Sojak v. Hudson Waterways Corp.*, 590 F.2d 53, 54–55 (2d Cir. 1978) (per curiam) (remanding for new trial to prevent manifest injustice despite the fact that appellant, who moved to set aside the jury verdict, failed to request a directed verdict before submission of the case to the jury), a new trial would not be warranted on the facts of this case, not least because there was sufficient evidence to support the jury's verdict, *see Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir. 2005) ("[W]e cannot weigh conflicting evidence, determine the credibility of witnesses, or substitute our judgment for that of the jury."). We address Simcoe's remaining arguments in turn.

2

Simcoe alleges that Appellees committed fraud on the court by submitting fabricated evidence at trial, including a rope he allegedly used to strangle his then-wife, a photo of the rope, and police dispatch audio recordings made during the incident. We review a district court's ruling on the authenticity of evidence for abuse of discretion. *See United States v. Morrison*, 153 F.3d 34, 56 (2d Cir. 1998). Simcoe cannot challenge the introduction of the rope or picture as fraudulent because he did not object on this ground below. *See, e.g.*, *Ramey v. Dist. 141, Int'l Ass'n of Machinists*, 378 F.3d 269, 281 (2d Cir. 2004) (observing that a party must object to the district court's ruling to preserve the issue for appellate review). In any event, Simcoe confirmed at trial that the rope was at least similar to the one he had used to strangle his wife. And although Simcoe did object to the authenticity of the audio recording below, he does not offer any substantial grounds for finding that the district court abused its discretion in admitting these audio recordings into evidence.

Simcoe also argues that the district court improperly prevented him from addressing the audio recordings in his closing statement. However, the import of the district court's order was solely to bar Simcoe from discussing the district court's legal ruling on the admissibility of the audio in argument before the jury, not from addressing the weight the jury should give to that evidence.

Simcoe next faults the district court's decision to preclude cross-examination of Lieutenant Gray about other complaints of excessive force that had been lodged against him. A district court's "rulings on admissibility under Rule 404(b) will not be overturned on appeal absent a clear showing of abuse of discretion." *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992). Simcoe argues that the prior complaints against Lieutenant Gray should have been

3

admissible under Rule 404(b)(2) to demonstrate, *inter alia*, absence of mistake. But the district court considered, *in limine* and after *in camera* review, the weight of the evidence Simcoe sought to admit at trial and determined that whatever probative value Simcoe argued the evidence carried was not sufficient to justify its admission. Simcoe gives us no clear grounds to question this conclusion and we therefore see no reason here to invade the "broad discretion" given to district courts in determining the admissibility of prior act evidence. *Ismail v. Cohen*, 899 F.2d 183, 188 (2d Cir. 1990).

Simcoe also challenges the district court's decision not to appoint him pro bono counsel, a decision we review for abuse of discretion. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Simcoe's conduct at the trial only bears out the district court's assessment of his ability to effectively prosecute his case. As such, the district court did not abuse its discretion in declining to appoint counsel. *See id.* (looking to, among other factors, the plaintiff's "ability to gather and present crucial facts" in support of his case).

Next, Simcoe challenges the district court's denial of his motion for the appointment of experts, a decision that is committed to the discretion of the district court. *See* Fed. R. Evid. 706(a) ("On a party's motion . . . the court may order the parties to show cause why expert witnesses should not be appointed . . . ."). Simcoe, of course, was free to, and did, testify to the extent of his alleged injuries at the hands of Appellees. Simcoe also could have, as he had previously stated he would, subpoenaed any of his treating physicians to testify regarding the extent of his injuries or authenticate his medical records. Finally, the evidence in this case was not so complex that court-appointed expert testimony was required to assist in evaluating it, and thus we identify no abuse of discretion in the district court's decision not to appoint an expert.

4

Finally, Simcoe challenges the district court's grant of judgment as a matter of law in favor of Appellees on his failure-to-intervene claim. But, irrespective of the merits of that determination, the jury's conclusion that excessive force was not applied in Simcoe's arrest obviates Simcoe's failure-to-intervene claim because, absent a constitutional violation on the part of any of the officers, Simcoe's failure-to-intervene claim necessarily fails. *See Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

We have considered Simcoe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5