17-262-cv
*Picarella v. HSBC Secs. (USA) Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand eighteen.

PRESENT:    PIERRE N. LEVAL,
            GUIDO CALABRESI,
            JOSÉ A. CABRANES,
                    *Circuit Judges.*

_____

MICHAEL PICARELLA,

     *Plaintiff-Appellant*,       17-262-cv

     v.

HSBC SECURITIES (USA) INC.,

     *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:    Michael Picarella, *pro se*, Melville, NY.

FOR DEFENDANT-APPELLEE:    Michael R. Huston, Gibson, Dunn &
                Crutcher LLP, Washington, DC (Gabrielle

1

Levin, Gibson, Dunn & Crutcher LLP, New York, NY and Christopher Smith, Gibson, Dunn & Crutcher LLP, Washington, DC, *on the brief*).

Appeal from a judgment of January 4, 2017 of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be, and it hereby is, **AFFIRMED**.

Appellant Michael Picarella ("Picarella"), proceeding pro se, appeals from a judgment in favor of his former employer, HSBC Securities (USA) Inc. ("HSBC"), following a jury trial. Picarella sued HSBC for retaliation under both Title VII of the Civil Rights Act of 1964 and state law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We understand Picarella's appellate brief to be challenging the sufficiency and weight of the evidence. A court of appeals generally will not consider an issue raised for the first time on appeal in the absence of manifest injustice. *See Singleton v. Wulff*, 428 U.S. 106, 120–21 (1976); *see also In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008). In particular, "[a] contention that there was insufficient evidence to warrant submission to the jury or that the verdict was against the weight of the evidence cannot be raised for the first time on appeal." *Sci. Holding Co. v. Plessey Inc.*, 510 F.2d 15, 28 (2d Cir. 1974). Picarella, who was represented by counsel in the District Court, did not move for judgment as a matter of law, either before or after submission of the case to the jury. Nor did he move for a new trial. He has therefore forfeited any challenge to the sufficiency or weight of the evidence. *See id.* After review of the record, we discern no "manifest injustice" in the jury's verdict that would justify excusal of that forfeiture. *See Sojak v. Hudson Waterways Corp.*, 590 F.2d 53, 54–55 (2d Cir. 1978).

Picarella primarily challenges allegedly improper comments made by HSBC's counsel during opening statements, cross-examination of Picarella, and summation. We review his claims for abuse of discretion where Picarella objected in the District Court to the purported errors and for plain error where he did not. *See Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005). "In either case a party seeking a new trial on the basis of opposing counsel's improper statements to the jury faces a heavy burden, as rarely will an attorney's conduct so infect a trial with undue prejudice or passion as to require reversal." *Id.* (internal quotation marks and alteration omitted).

Of the allegedly improper comments, only Picarella's challenge to counsel's opening statement is even arguably preserved. In any event, none warrants a new trial. There was nothing

improper about counsel commenting on Picarella's salary. In context, these statements were intended only to show that HSBC's continuing to pay Picarella a salary was inconsistent with any common-sense notion of retaliation. Nor were HSBC counsel's arguments on summation—to the effect that this case was about greed, opportunism, and exceptional laziness and that Picarella was making a "mockery" of the law—"so inflammatory or so unsupported by the record as to affect the integrity of the trial and entitle [Picarella] to a new trial," *Marcic*, 397 F.3d at 127. HSBC's theory of the case was that Picarella showed poor performance beginning well before he complained of the sexual harassment of a coworker and that he complained primarily to protect himself from being fired. "A district court is entitled to give attorneys wide latitude in formulating their arguments." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 271 (2d Cir. 1999). Furthermore, the District Court instructed the jury three times—before opening statements, before summations, and during its charge—that statements and arguments made by counsel were not evidence. *Cf. Tesser v. Bd. of Educ.*, 370 F.3d 314, 322 (2d Cir. 2004). On this record, we see neither abuse of discretion nor plain error.

## CONCLUSION

We have reviewed Picarella's remaining arguments on appeal and find them to be without merit. We therefore **AFFIRM** the District Court's judgment of January 4, 2017.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3