17-3565 (L)
*Leevson v. Aqualife USA Inc*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand nineteen.

PRESENT:
> PETER W. HALL,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

VICTORIA LEEVSON, MICHAEL LEIBZON, KATHERINE TSIGEL, VLADISLAV PUSTOV, MATANA ENTERPRISES LLC, VADKAT, INC., IMPERIAL ENTERPRISE SERVICES INC,

> *Plaintiffs–Appellees–Cross-Appellants,*

v.

AQUALIFE USA INC, AQUALIFE INC, ALEX GITELMAN, YAKOV SIONOV, VLADIMIR GORBACH,

> *Defendants–Appellants–Cross-Appellees.*

No. 17-3565 (L),
No. 17-3868 (XAP)

Appearing for *Appellants*:    JOSEPH M. LABUDA (Emanuel Kataev, *on the brief*), Milman Labuda Law Group PLLC, Lake Success, NY.

1

Appearing for *Appellees*:    SVETLANA SOBEL, Sobel Law Offices, P.C., Syosset, NY (Howard I. Elman, Matalon Shweky Elman PLLC, New York, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the memorandum, order, and judgment entered on November 1, 2017, is **AFFIRMED** in part, **REVERSED** in part, and **VACATED** in part, and the case is **REMANDED** for further proceedings.

Defendants–Appellants–Cross-Appellees Aqualife USA Inc., Aqualife Inc., Alex Gitelman, Yakov Sionov, and Vladimir Gorbach (collectively, "Aqualife") appeal from the memorandum, order, and judgment of the district court. A jury found in favor of Plaintiffs–Appellees–Cross-Appellants Victoria Leevson, her husband Michael Leibzon, and their corporation Matana Enterprises LLC ("Matana"); Katherine Tsigel and her corporation VadKat, Inc. ("VadKat"); and Vladislav Pustov and his corporation Imperial Enterprise Services Inc. ("Imperial") (collectively, "Plaintiffs") on their claims for breach of contract and violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Labor Law §§ 190 *et seq.* & 650 *et seq.*

The jury awarded damages for withheld residual commissions to Matana (and Leibzon), VadKat, and Imperial (and Pustov)[1] and damages for withheld individual commissions to Leevson and Tsigel. The jury also awarded damages for withheld overtime wages to Leevson and Tsigel.[2] However, the jury also found that Defendants had proven their affirmative defense of estoppel. The district court set aside the jury's verdict with respect to the breach-of-contract claims, concluding that Plaintiffs had assented to modifications to their oral contracts for commissions by accepting partial payment and continuing to work. With respect to Plaintiffs' wage-and-hour claims, the district court reversed the jury's finding of estoppel to the extent it precluded a finding that Plaintiffs were employees of Aqualife, and otherwise it affirmed the jury's verdict.

In ruling on the parties' postverdict motions, as relevant here, the district court also awarded Plaintiffs liquidated damages under the NYLL and attorneys' fees. These appeals follow. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We address first the parties' challenges concerning the breach-of-contract claims, next those concerning the wage-and-hour claims and liquidated damages, and finally those concerning attorneys' fees.

---

[1] Plaintiffs sought both residual commissions and "deduction commissions" (i.e., the difference between commissions calculated before and after deductions from gross sales). Although not entirely clear from the verdict sheet, all parties proceed under the assumption that the damages awarded to the corporate plaintiffs, Leibzon and Pustov were for residual commissions. As it does not affect our resolution of these appeals, we do as well.

[2] The verdict sheet suggests that the award to Leevson and Tsigel might have covered overtime wages as well as regular hourly wages. All parties understood the jury's award to mean, however, that Leevson and Tsigel were entitled to overtime wages only. Thus, the Court need not address the issue.

3

"We review the district court's decision to grant or deny a [Federal] Rule [of Civil Procedure] 50 motion for judgment as a matter of law *de novo*." *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016). "Judgment as a matter of law is appropriate 'only if [the court] can conclude that, with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would have been compelled to accept the view of the moving party.'" *Id.* at 138 (quoting *Zellner v. Summerlin*, 494 F.3d 344, 370–71 (2d Cir. 2007) (alteration in original)).

"We review *de novo* a claim of an erroneous jury instruction." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 163 (2d Cir. 2011). "To justify a new trial, a jury instruction must be both erroneous and prejudicial." *Id.*

The "calculation of damages is the province of the jury." *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 671 (2d Cir. 2012). Thus, "we may set aside a jury's award only if it is so high as to shock the judicial conscience and constitute a denial of justice." *Id.* In reviewing such a damages award, "[w]e accord considerable deference to the factual findings of both judge and jury." *Id.* (alteration in original).

An award of liquidated damages under the FLSA "is within the discretion of the district judge," *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1063 (2d Cir. 1988), and even if the defendant establishes good faith, "the district court nonetheless may, in the exercise of its discretion, award liquidated damages under the express language of the statute," *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 71 n.5 (2d Cir. 1997).

4

"We review attorneys' fee awards for abuse of discretion," *Millea*, 658 F.3d at 166, "afford[ing] a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters,'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

## I.

We first address the parties' challenges concerning Plaintiffs' breach-of-contract claims.

## A.

Plaintiffs challenge the district court's ruling setting aside that part of the jury's verdict awarding individual commissions to Leevson and Tsigel and granting judgment as a matter of law to Aqualife. We agree with Plaintiffs that the district court erred on this front. First, Aqualife did not move for judgment as a matter of law on the issue of individual commissions before the case was submitted to the jury. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); 9B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2537 (3d ed. Sept. 2018 update). Second, even if Aqualife had so moved, it failed to renew any such motion after the jury rendered its verdict. *See, e.g.*, *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006). Third and finally, our review leaves us with the conviction that the jury's verdict on this issue was not "wholly without legal

5

support" such that overlooking Aqualife's procedural failures is warranted "in order to prevent a manifest injustice." *Sojak v. Hudson Waterways Corp.*, 590 F.2d 53, 54–55 (2d Cir. 1978) (per curiam); *see also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998). Accordingly, we reverse the district court's grant of Aqualife's Rule 50 motion regarding Leevson's and Tsigel's breach-of-contract claim and reinstate the jury's verdict.

## B.

Plaintiffs next challenge the district court's ruling setting aside the part of the jury's verdict ostensibly awarding residual commissions to Matana (Leibzon), VadKat, and Imperial (Pustov). We agree with the district court, however, that these awards, predicated on breaches of oral contracts, were barred by the statute of frauds. *See, e.g.*, N.Y. Gen. Oblig. Law § 5-701(a)(1); *D & N Boening, Inc. v. Kirsch Beverages, Inc.*, 63 N.Y.2d 449, 457 (1984).

## C.

Aqualife protests that, in any event, no evidence was presented establishing that any of the individual plaintiffs had any contract with any of the individual defendants, and thus recovery and liability for any breach of such a contract was impermissible. We leave it to the district court to address this argument, which it previously had no need to reach, in the first instance. *See, e.g.*, *Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir. 2000) (per curiam) (observing that "[i]t is [this Court's] settled practice to allow the district court to address arguments in the first instance").

6

## II.

We next turn to Aqualife's arguments concerning Plaintiffs' wage-and-hour claims. Aqualife presents four challenges to liability and two to damages under the FLSA and NYLL.

## A.

Aqualife dedicates much of its briefing on appeal to challenging Plaintiffs' claims based on some form or another of estoppel. The district court rejected the jury's finding of estoppel, which the court concluded was inconsistent with the jury's more fully fleshed out finding that Plaintiffs were employees protected under the FLSA and NYLL. Aqualife instead offers the following reconciliation of the jury's seemingly contradictory findings: Leevson and Tsigel were indeed employees, but they were estopped from so claiming because of statements made in their IRS filings. Judicial estoppel typically applies where (1) "a party's later position is clearly inconsistent with its earlier position," (2) "the party's former position has been adopted in some way by the court in the earlier proceeding," and (3) "the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." *DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)).[3]

Aqualife cites to no case in which a court applied judicial estoppel to statements made to the IRS on a tax return. This is unsurprising given that filing

---

[3] Although Aqualife painstakingly excises "judicial" from the quoted language in their appellate brief (aside from one odd replacement of "judicial" with a bracketed "equitable"), its argument plainly sounds in judicial estoppel.

7

tax returns, in the ordinary course, involves neither an adjudicative proceeding nor even a proceeding. *See Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72 (2d Cir. 1997). We decline to apply judicial estoppel to such statements in this setting. To the extent that Aqualife's arguments can be interpreted to urge application of equitable estoppel, Aqualife presented at trial no evidence that it (as opposed to the IRS) relied on Leevson's and Tsigel's purportedly inconsistent statements on their corporations' tax returns. *See, e.g.*, *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 725 (2d Cir. 2001).

## B.

Aqualife contends that the district court erred by clarifying, in response to a jury question, that a worker can be both an employee and an independent contractor concurrently for one employer. Aqualife contends that courts have held that a worker cannot. The cases upon which Aqualife relies, however, hold no such thing.[4] And having reviewed the evidence presented at trial, we conclude that Aqualife has demonstrated neither error nor prejudice warranting a new trial. *See, e.g.*, *Millea*,

---

[4] In *Century Sur. Co. v. Franchise Contractors, LLC*, No. 14-cv-277, 2016 WL 1030134 (S.D.N.Y. Mar. 10, 2016), the district court rejected a defendant's attempt to evade an insurance-policy provision excluding coverage for independent contractors by attempting to claim the existence of a "subcontractor" status distinct from either employee or independent contractor. *Id.* at *9. The court concluded that such a theory had "no basis in law." *Id.* In *Mt. Vernon Fire Ins. Co. v. William Monier Constr. Co.*, No. 95-cv-645, 1996 WL 447747 (S.D.N.Y. Aug. 7, 1996), the district court rejected a similar attempt to evade an independent-contractor exclusion in an insurance policy, observing that, "despite [the defendants'] creative efforts, there are only two possibilities: [the worker] was either an independent contractor or employee." *Id.* at *4. Neither of these cases involve labor law, and neither address the possibility of a worker providing some labor as an employee while also providing different, additional labor as an independent contractor. And regardless, logically, the conclusion that one cannot be both an employee and an independent contractor does not follow from the premise that one must at least be either an employee or an independent contractor (the proper framing of the holdings in these two cases).

8

658 F.3d at 163 ("To justify a new trial, a jury instruction must be both erroneous and prejudicial.").

And to the extent that Aqualife maintains that Leevson and Tsigel are not employees and thus cannot pursue wage-and-hour claims against Aqualife, that argument fails under the economic reality test. *See Brock*, 840 F.2d at 1058–59.

**C.**

Aqualife protests Plaintiffs' failure to provide written consent to proceed as plaintiffs for the FLSA claims, citing 29 U.S.C. § 216(b). Section 216(b) provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). This argument is frivolous. The quoted language on its face applies only to collective actions. This is not, and never was, a collective action. Written consent was therefore not required.

**D.**

Aqualife challenges the imposition of liability under the FLSA and NYLL, arguing that under the "economic reality" test, Plaintiffs failed to submit evidence sufficient to hold the individual defendants liable. *See, e.g.*, *Irizarry v. Catsimatidis*, 722 F.3d 99, 103–17 (2d Cir. 2013) (discussing test for individual liability under the FLSA). Aqualife moved for judgment as a matter of law on this issue, but the district court did not address the issue in its memorandum. Because we find remand necessary, we leave it to the district court to address this issue in the first instance. *See, e.g.*, *Farricielli*, 215 F.3d at 246.

9

**E.**

Aqualife next challenges the jury's award of overtime damages. First, it challenges the method used by the jury to calculate overtime damages. Second, it argues that the jury should have calculated the total hours worked by Leevson and Tsigel based on certain evidence presented at trial. Both arguments fail for the same reason: they assume that Leevson and Tsigel were paid at least their regular wage for the full amount of hours worked. But the jury was not asked to, and did not, make any such finding. We thus affirm the district court's judgment in this respect.

**F.**

Aqualife argues that the district court abused its discretion by awarding liquidated damages, contending that the evidence demonstrated that Aqualife reasonably acted in good faith. But "[t]his court has characterized the employer's burden [under the FLSA] as 'a difficult one,' emphasizing that 'double damages [are] the norm and single damages the exception.'" *Barfield*, 537 F.3d at 150 (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999) (alteration in original)). Assuming, as does Aqualife, that the standard is the same under the NYLL, Aqualife has not come close to demonstrating good faith. It presented no evidence that it "took 'active steps to ascertain the dictates of the FLSA [and NYLL] and then act to comply with them,'" as required to demonstrate subjective good faith. *Id.* at 150 (quoting *Herman*, 172 F.3d at 142). What is more, based on the evidence presented at trial, Aqualife's posited objectively reasonable ground for believing that it was in compliance with the labor laws—that Leevson and Tsigel allegedly

10

presented themselves as independent contractors—was arguably a concoction devised by Aqualife to avoid the labor laws in the first place. Accordingly, we affirm the district court's award of liquidated damages.

### III.

Finally, we turn to the parties' challenges to the award of attorneys' fees. Both the FLSA and NYLL provide for an award of reasonable attorneys' fees for prevailing plaintiffs. *See* 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1).

### A.

Aqualife quibbles with what it perceives as Plaintiffs' counsel's failure to provide contemporaneous records, as required by *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983). Aqualife's actual dispute, however, boils down to counsel's failure to provide a line-by-line account of what hours were spent on which specific claims. But *Carey* requires that an application for attorneys' fees be "accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* at 1154. Nothing in *Carey* requires entries to be broken down on a claim-by-claim basis, and Aqualife directs us to no other caselaw requiring such detail. Aqualife does not otherwise challenge the sufficiency of counsel's records.

### B.

Aqualife contends that the district court abused its discretion when it concluded that Plaintiffs' counsel's hourly rate of $400 was reasonable. Instead, Aqualife urges, a reasonable rate should have been no more than $150 per hour. We

11

disagree and hold that the district court acted well within its discretion. *See, e.g.*, *Griffin v. Astro Moving & Storage Co. Inc.*, No. 11-cv-1844, 2015 WL 1476415, at *8 (E.D.N.Y. Mar. 31, 2015) (collecting cases and concluding that approximately $300 to $450 was a reasonable hourly rate for partners within the Eastern District of New York).

**C.**

Both parties dispute the district court's degree-of-success analysis. Plaintiffs insist that, should the jury's breach verdict be reinstated, then no basis would exist for the district court's degree-of-success reduction and, in any event, Plaintiffs' breach claims were inextricably intertwined with their wage-and-hour claims such that no reduction was warranted. Defendants, on the other hand, contend that a mere 50% reduction does not fully account for Plaintiffs' lack of success. We note that no statute at issue in this case authorizes an award of attorneys' fees for breach of contract claims. Nevertheless, given our disposition reinstating in part the jury's breach of contract verdict, the district court should revisit its analysis of the award in the first instance. *See, e.g.*, *Farricielli*, 215 F.3d at 246.

**D.**

Finally, Plaintiffs request that this Court remand the case to the district court for an award of attorneys' fees and costs associated with these appeals. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also* N.Y. Labor Law § 663(1) (same for NYLL).

12

Plaintiffs here are entitled to fees and costs associated with these appeals. *See Young v. Cooper Cameron 61 Corp.*, 586 F.3d 201, 208 (2d Cir. 2009) (concluding that under the FLSA, plaintiffs were entitled to reasonable attorneys' fees and costs associated with the appeal and remanding to the district court for a determination).

### Summary

- The jury's verdict awarding individual commissions to Leevson and Tsigel is reinstated, with Aqualife's challenge to individual recovery and liability to be addressed by the district court in the first instance.

- The district court's grant of judgment as a matter of law with respect to residual commissions is affirmed.

- The judgment of the district court is affirmed with respect to Plaintiffs' wage-and-hour claims, except that the district court should address in the first instance whether the individual defendants are jointly and severally liable with Aqualife.

- The district court's rulings that Plaintiffs' requested hours and rate for attorneys' fees were reasonable is affirmed. The court's ruling with respect to degree-of-success is vacated and remanded for further proceedings.

- On remand, the district court should determine an appropriate award for attorneys' fees and costs associated with these appeals.

We have considered the parties' remaining arguments and find them to be without merit. The memorandum, order, and judgment of the district court is **AFFIRMED** in part, **REVERSED** in part, and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

13