19-683-cv
*Meide Zhang, et al v. Liang Zhang, et al*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty.

PRESENT:    REENA RAGGI,
            DENNY CHIN,
            RICHARD J. SULLIVAN,
                    *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MEIDE ZHANG, individually and on behalf of all others similarly situated, ZHONGLIANG QIU, individually and on behalf of all others similarly situated,

                    *Plaintiffs-Appellants*,

            -v-                                    19-683-cv

LIANG ZHANG, As shareholder, RU QIU LI, As shareholder, SUNSHINE USA INC., DBA WU LIANG YE,

                    *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:    DAVID YAN, Law Offices of David Yan, Flushing, New York.

FOR DEFENDANTS-APPELLEES:    PEDRO MEDINA (Hugh H. Mo, Elizabeth L. Mo, *on the brief*), The Law Firm of Hugh H. Mo, P.C., New York, New York.

Appeal from the United States District Court for the Southern District of New York (Lorna G. Schofield, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on August 20, 2018, is **AFFIRMED** in part, the appeal is **DISMISSED** in part, and the case is **REMANDED** for further proceedings as set forth below.

In this wage and hour case, plaintiffs-appellants Meide Zhang ("M. Zhang") and Zhongliang Qiu ("Qiu," and, together, "plaintiffs") seek damages for alleged violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). Plaintiffs were delivery workers for defendants-appellants Sunshine USA, Inc. (d/b/a Wu Liang Ye restaurant (hereafter "Sunshine")), a restaurant owned by defendants-appellants Liang Zhang ("L. Zhang"), and Ru Qiu Li ("Li," and, together with L. Zhang and Sunshine, "defendants"). M. Zhang and Qiu obtained judgments of $132,976.66 and $105,827.11, respectively, against Sunshine. Plaintiffs then sought to hold L. Zhang and Li, the owners of Sunshine, personally liable for damages. We

assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Plaintiffs commenced this action on May 29, 2016. On January 25, 2018, at a pretrial conference, the district court ruled that it would not pre-admit into evidence any deposition transcripts of witnesses who were testifying at trial.

The case proceeded to trial. On February 1, 2018, a jury rendered a verdict in favor of plaintiffs, after concluding that L. Zhang was plaintiffs' employer under the law. The jury concluded that Li was not an employer. After the jury was excused, the district court discovered a binder of unadmitted deposition excerpts in the jury room, which plaintiffs' counsel had given to the courtroom deputy to provide to the jury for its deliberations. The jurors had annotated the binder's contents, including by highlighting sentences and handwriting notes in the margins relevant to L. Zhang's status as an employer.

On February 5, 2018, the district court ordered plaintiffs' counsel to show cause why he should not be sanctioned for providing to the jury a binder of documents not admitted into evidence. After conducting a hearing, the district court concluded that the deposition transcripts likely influenced the jury and granted defendants' Federal Rule of Civil Procedure Rule 59 motion for a new trial on the sole issue of L. Zhang's status as plaintiffs' employer. The district court also granted defendants' motion for sanctions against plaintiffs' counsel under its inherent power. The district

3

court did not, however, set the amount of attorneys' fees and costs to be awarded. In subsequent motions, defendants made further applications for attorneys' fees and costs; these were not decided. *See* Dist. Ct. Dkt. 300.

On July 18, 2018, a final pretrial conference for the second trial was held. The district court made several evidentiary rulings, including denying plaintiffs' motion in limine to preclude certain testimony and granting defendants' motion in limine to exclude plaintiffs' Chinese language expert witness. Trial commenced on July 25, 2018, and the jury returned a verdict on July 26, 2018, concluding that L. Zhang was not plaintiff's employer. Plaintiffs moved for judgment as a matter of law under Rule 50(b), or, in the alternative, for a new trial pursuant to Rule 59(a). On February 14, 2019, the district court issued an opinion and order denying plaintiffs' Rule 50(b) and 59(a) motions and rejecting plaintiffs' evidentiary challenges.

This appeal followed. On March 24, 2020, after oral argument in this Court, the district court denied defendants' motions for attorneys' fees, "without prejudice to renewal after resolution of the Second Circuit appeal." *See* Dist. Ct. Dkt. 300.

### DISCUSSION

We consider plaintiffs' appeal of (1) the district court's order granting defendants' Rule 59 motion for a new trial after the first trial; (2) its rulings with respect to the second trial; and (3) its order granting defendants' motion for sanctions.

4

**I.**     *Defendants' Rule 59 Motion for a New Trial*

"We review for abuse of discretion a district court's disposition of a motion for a new trial," *Nimely v. City of New York*, 414 F.3d 381, 392 (2d Cir. 2005), keeping in mind that "[a] motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice," *Medforms, Inc. v. Healthcare Mgmt. Sols., Inc.*, 290 F.3d 98, 106 (2d Cir. 2002) (internal quotation marks omitted).  When extra-record information is provided to deliberating jurors, the court is to apply an objective test to determine whether that outside influence prejudiced deliberations, focusing on: "(1) the nature of the information . . . at issue, and (2) its probable effect on a hypothetical average jury."  *Manley v. AmBase Corp.*, 337 F.3d 237, 252 (2d Cir. 2003) (internal quotation marks omitted).

The district court did not abuse its discretion in granting a new trial on the issue of L. Zhang's status as an employer because the deposition transcripts surely would have prejudiced an average jury's deliberation.  The extra-record materials -- portions of unadmitted deposition transcripts -- were directly relevant to L. Zhang's status as an employer.  *See* App'x at 263-64 (describing L. Zhang's hiring practices and salary instructions); App'x at 270 (describing L. Zhang's activities in the day-to-day operations of the restaurant).  Plaintiffs' counsel's conduct -- submitting unadmitted deposition excerpts to the jury after the district court had ruled that they would not be

5

admitted -- was egregious. In light of the nature of the information and the prejudicial effect this extra-record material likely had on the jury, the district court reasonably concluded that a new trial was warranted.

## II.     *Second Trial*

With respect to the second trial, plaintiffs appeal the district court's: (1) evidentiary rulings regarding testimony presented at the second trial, and (2) order denying plaintiffs' Rule 50(b) motion for entry of judgment as a matter of law and alternative Rule 59 motion for a new trial.

### A.     *Evidentiary Rulings*

Plaintiffs contend that the district court committed three evidentiary errors: (1) excluding employee payment records, (2) excluding testimony from plaintiffs' Chinese language expert, and (3) permitting testimony from Yuelong Liu, the senior delivery person at the restaurant. We review evidentiary rulings for abuse of discretion and will reverse only where the improper admission of evidence "affects a substantial right of one of the parties" such that "it is likely that in some material respect the factfinder's judgment was swayed by the error." *Costantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164, 174 (2d Cir. 2000) (internal quotation marks omitted).

First, the district court's decision to exclude the records of payments to employees was not an abuse of discretion. The district court reasonably determined that the limited probative value of the plaintiffs' work hours (which was relevant at the

first trial) was substantially outweighed by the potential for prejudice and confusion with respect to the sole issue at the second trial (L. Zhang's status as plaintiffs' employer). "We afford great deference to the district court's balancing under Rule 403," and will overrule the district court's decision only if it was "arbitrary and irrational." *United States v. Desposito*, 704 F.3d 221, 234 (2d Cir. 2013). We conclude that the district court's exclusion of the payment records was not arbitrary and irrational.

Second, the district court properly excluded plaintiffs' Chinese language expert because plaintiffs sought to introduce this testimony for the purpose of impeaching a witness's credibility. Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence "to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Here, plaintiffs sought to introduce the Chinese language expert testimony to show that defendants' witness testified falsely during the first trial. The use of extrinsic evidence in this manner -- to prove a specific instance of conduct to attack a witness's character for truthfulness -- is expressly prohibited by Rule 608(b). *See id.* Accordingly, the district court did not abuse its discretion in excluding plaintiffs' Chinese language expert.

Finally, the district court did not abuse its discretion in permitting Yuelong Liu to testify. Although Liu was not identified in the Rule 26(a) disclosures, Rule 37 provides the district court discretion to address such a non-disclosure. *See* Fed.

7

R. Civ. P. 37(c)(1) ("If a party fails to . . . identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). The district court did not abuse its discretion in admitting Liu's testimony because plaintiffs did not suffer prejudice. Liu was identified as a restaurant employee during discovery and plaintiffs were given an opportunity to depose Liu on the eve of trial.

In sum, the district court did not abuse its discretion in its evidentiary rulings.

**B.** ***Plaintiffs' Motion for Judgment as a Matter of Law and, in the Alternative, for a New Trial***

Next, plaintiffs argue that the district court erred in denying its motion for judgment as a matter of law or, in the alternative, for a new trial. "We review *de novo* a district court's denial of a post-verdict motion for judgment as a matter of law," and "consider the evidence in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences that the jury might have drawn in its favor." *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 226-27 (2d Cir. 2006). A movant's alternative request for a new trial is reviewed for abuse of discretion. *Harris v. O'Hare*, 770 F.3d 224, 231 (2d Cir. 2014), *as amended* (Nov. 24, 2014).

Here, the district court denied plaintiffs' motions after concluding that: (1) the evidence at the second trial was sufficient for a reasonable jury to conclude that

8

L. Zhang was not plaintiffs' employer, and (2) the verdict was not seriously erroneous or a miscarriage of justice warranting a new trial. We agree.

First, plaintiffs did not move for judgment as a matter of law on the issue of L. Zhang's employer status before the case was submitted to the jury. In such circumstances, judgment as a matter of law "may not properly be granted by the district court, or upheld on appeal, or ordered by the appellate court unless that action is required in order to prevent manifest injustice." *Lore v. City of Syracuse*, 670 F.3d 127, 153 (2d Cir. 2012). Our review of the record confirms that the jury's verdict was not "wholly without legal support" such that overlooking plaintiffs' procedural failure is warranted to "prevent a manifest injustice." *Sojak v. Hudson Waterways Corp.*, 590 F.2d 53, 54-55 (2d Cir. 1978). At the second trial, deposition testimony showed that L. Zhang was not involved in the day-to-day operations of the restaurant and did not make personnel recommendations with respect to the hiring and firing of employees. This was evidence that would permit a reasonable jury to conclude that L. Zhang was not plaintiffs' employer. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013) (describing factors relevant to proving employment relationship, including "whether the alleged employer (l) had the power to hire and fire the employees, [and] (2) supervised and controlled employee work schedules or conditions of employment").

9

Accordingly, the district court properly denied plaintiffs' motion for judgment as a matter of law.[1]

Second, the district court did not err in denying, as an alternative ground, plaintiffs' motion for a new trial under Rule 59 because the jury verdict was not against the weight of the evidence. *See* S. App'x 14-16. It is well established that "a district court's denial of a motion for [a] new trial on weight-of-the-evidence grounds is not reviewable on appeal." *Rasanen v. Doe*, 723 F.3d 325, 330 (2d Cir. 2013). Hence, plaintiffs' argument is unavailing.[2]

## III.    *Defendants' Motion for Sanctions*

"We review a district court's decision to impose sanctions under its inherent powers for abuse of discretion." *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 723 (2d Cir. 2012). Although the parties briefed the sanctions issue and addressed it at oral argument, we conclude that we lack jurisdiction to review the district court's award of sanctions because there was never a final order. While the district court granted

---

[1]    Plaintiffs' argument on appeal that there is evidence supporting the conclusion that L. Zhang was plaintiffs' employer is of no moment. The fact that some evidence in the record supports the conclusion that L. Zhang was an employer does not render the jury verdict "wholly without legal support." *Sojak*, 590 F.2d at 54.

[2]    Plaintiffs filed several pending motions before this Court seeking to further supplement the record. Whether these new documents are part of the record now is of no moment, as they were not part of the record when the jury rendered its verdict. Hence, we give them no weight in our consideration of this appeal, and the motions are denied, without prejudice to whatever rights plaintiffs may have to seek relief in the district court, *e.g.*, pursuant to Fed. R. Civ. P. 60(b). Defendants' motion for reconsideration is denied in light of the foregoing.

defendants' initial motion for sanctions against plaintiffs' counsel, it never set the amount of fees to be awarded. Moreover, thereafter, defendants made additional applications for attorneys' fees as sanctions, which were not decided. The district court eventually denied the motions for attorneys' fees, without prejudice to renewal after resolution of this appeal. *See* Dist. Ct. Dkt. 300.

This Court has routinely held that "orders awarding attorney's fees as a sanction are not appealable until the amount of the sanction has been determined." *Pridgen v. Andresen*, 113 F.3d 391, 394 (2d Cir. 1997) (emphasis omitted). Accordingly, we vacate the order awarding sanctions and remand to the district court for further proceedings in the event any party wishes to renew a motion for attorneys' fees.

We note that the appeal of the sanctions order raised the issue of whether attorneys' fees may be awarded as sanctions for an attorney's misconduct in the absence of a finding of bad faith in the circumstances of this case, where the misconduct was arguably not inherent to client representation. *See United States v. Seltzer*, 227 F.3d 36, 41 (2d Cir. 2000) (discussing requirements for bad faith when imposing sanctions pursuant to a district court's inherent powers); *see also Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) *cert. denied sub nom. Huebner v. Midland Credit Mgmt.*, 139 S. Ct. 1282 (2019); *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009); *Cotto v. City of New York*, No. 17-2845 (2d Cir.). We do not decide the issue, as we do not

11

have jurisdiction over the sanctions appeal and as the record is likely to be reopened on remand in light of the district court's March 24, 2020, order. *See* Dist. Ct. Dkt. 300.

*  *  *

Accordingly, we hereby **AFFIRM** the district court's orders except to the extent it ordered sanctions, we **DISMISS** the appeal to the extent it seeks review of the sanctions order, and we **REMAND** for further proceedings as set forth above. Should any appeal ensue, either party may restore our jurisdiction pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), in which event the appeal will be referred to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk